# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

**EVAN AMBER OVERTON AND**
**JOHN KEENAN OVERTON, CO-**
**ADMINISTRATORS FOR THE ESTATE**
**OF EZRA MICHAEL OVERTON,**
**DECEASED,**

      Plaintiffs,

**v.**                              Case No.: **1:19-cv-751**

**FISHER-PRICE, INC;**

**AND**

**MATTEL, INC.**

      Defendants.

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
## FIRST SET OF INTERROGATORIES

COMES NOW Fisher-Price, Inc. and Mattel, Inc. ("Defendants") in the above-referenced matter, and pursuant to Local Rule 26(C) and this Court's Scheduling Order hereby serve their Objections to Plaintiffs' First Set of Interrogatories to Defendants ("Plaintiffs' Interrogatories") as follows:

### INTRODUCTORY STATEMENT

The Fisher-Price product at issue in this litigation is a Rock 'n Play Sleeper, bearing model number BGB20. Model number BGB20 is specifically known as the "My Little Snugamonkey Special Edition Deluxe Newborn Rock 'n Play Sleeper" (the "Product"). The incident in question in this case occurred on December 22, 2017.

The Rock 'n Play Sleeper product line, which was first sold in the U.S. beginning in 2009, has included many different models, with different characteristics and marketing, over the approximately ten years sold.

In objecting and responding to these Interrogatories, Defendants do not adopt, embrace or accept any term or definition employed by the Plaintiffs. Defendants have made reasonable efforts to form their objections and responses to these Interrogatories based on their reasonable interpretation thereof. If the Plaintiffs subsequently assert an interpretation of any of these Interrogatories which differs from that of Defendants', Defendants reserve the right to supplement their objections and responses. Defendants will provide responses subsequently consistent with FRCP Rule 33.

The statement in any given Objection that documents will be produced means that documents will be produced, as limited by the relevant objections, provided that such documents exist and are in the possession, custody or control of Defendants. Defendants' stated willingness to produce certain classes of documents should in no way be construed as an affirmative acknowledgement that such documents either exist or are in the possession, custody or control of Defendants or that they are admissible at trial.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Defendants object to Plaintiffs' definitions and instructions to the extent they are inconsistent with the Federal Rules of Civil Procedure and Local Rules of this Court. In objecting and responding to these Interrogatories, the Defendants will comply with their obligations under these rules.

2. Defendants object to Definition (b) for the "Rock 'n Play" on the grounds it is overbroad, unduly burdensome, not relevant to the claims and defenses in this case, and not

proportional to the needs of the case by referring to "all models of the Fisher-Price Rock 'n Play inclined sleeper" rather than the Product. To the extent Defendants produce any documents and information beyond those related to the Product, Defendants are not in any way waiving admissibility or later objections to admissibility.

3. Defendants object to Instruction (n) "Similar occurrences" on the grounds it is overbroad and assumes that other reported incidents where a child was allegedly "injured or killed, as a result of being in a Rock 'n Play" are substantially similar to the incident at issue in this case where the facts of those circumstances and cause of the injury or death in other alleged incidents are markedly different.

## INTERROGATORIES

1. Identify every model of Rock 'n Play and describe the differences, if any, between and among models. State in your response whether such model was ever marketed as "designed for all-night sleep," and, if so, state the time period during which said model was so marketed.

**OBJECTION**: Defendants object to Interrogatory No. 1 on the ground it is over broad, not reasonably limited in time and scope, seeks information not relevant any claims or defenses in this case, and is disproportionate to the claims and defenses in this case. As written, the Interrogatory seeks information going back ten (10) years and involving models of the Rock 'n Play Sleeper other than the Product. Further, Defendants object to the subpart of this Interrogatory asking Defendants to "describe the differences" for each model sold over the past decade because it is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence in that any differences may have no bearing on the claims in this case.

2. Identify all people involved in the design of the Rock 'n Play and each component and model thereof. Separately identify each person involved in any and all re-designs of the Rock 'n Play or of any component thereof.

**OBJECTION**: Defendants object to Interrogatory No. 2 on the ground it is overbroad, unduly burdensome, not reasonably limited in time and scope, seeks information not relevant any claims or defenses in this case, and is disproportionate to the claims and defenses in this case. As written, the Interrogatory seeks information going back ten (10) years and involving models of the Rock 'n Play Sleeper other than the Product. Further, the request for the identity of "all people" involved in the design – and any redesign – of "each component and model [of a Rock 'n Play Sleeper]" is overbroad and unduly burdensome in that it requires identification of individuals whose role with respect to the Rock 'n Play Sleeper was de minimis or has no bearing on the claims or defenses in this case.

3.    Did you solicit opinions, advice or consultation from any medical doctors, experts in safe infant sleep, ergonomics experts or other experts prior to marketing the Rock 'n Play? If so, identify (including area of specialty) each such person, and identify and produce all documents regarding or concerning each such person's consultation.

**OBJECTION**: Defendants object Interrogatory No. 3 on the ground it is overbroad, unduly burdensome, not reasonably limited in time and scope, and disproportionate to the claims and defenses in this case. As written, the Interrogatory seeks information going back ten (10) years and involving models of the Rock 'n Play Sleeper other than the Product. Defendants further object that the term "other experts" is vague and not limited to outside consultants. Defendants further object to the extent the Interrogatory calls for information protected by the attorney work product doctrine and/or the attorney-client privilege.

4. Identify the manufacturer of the Rock 'n Play and, if different from the manufacturer, the Chinese company from whom you imported the Rock 'n Play. Include with your response the identity all people at the manufacturer and importer with whom you communicated about the design and/or manufacture of the Rock 'n Play.

**OBJECTION**: Defendants object to Interrogatory No. 4 on the ground it is overbroad, unduly burdensome, not reasonably limited in time and scope, and disproportionate to the claim in this case. As written, the Interrogatory seeks information going back ten (10) years and involving models of the Rock 'n Play Sleeper other than the Product. Defendants further object to the terms "design and/or manufacture" as vague, overbroad and unduly burdensome. Defendants further object that the request is seeking the "identity" of all people at the manufacturer and importer with whom Defendants communicated with in that it is impermissibly overbroad, unduly burdensome, and not relevant to the claims and defenses in this case.

5. Before marketing any model Rock 'n Play as "designed for all-night sleep," what, if anything, did you do to determine that the Rock 'n Play was safe for all-night sleep? Include in your answer, a detailed description of everything you did, the identity of every person upon whom you relied, a detailed description and the identity of all studies, testing and/or medical literature upon which you relied, and the identity of all persons who ultimately decided that the Rock 'n Play was safe for all-night sleep.

**OBJECTION**: Defendants object to Interrogatory No. 5 on the grounds it is overbroad, unduly burdensome, not reasonably limited in time and scope, and disproportionate to the to the claims and defenses in this case. As written, the Interrogatory seeks information going back ten (10) years and involving models of the Rock 'n Play Sleeper other than the Product. Defendants

further object to Interrogatory No. 5 on the grounds it is unduly burdensome to request "the identity of every person upon whom you relied", all studies and medical literature from more than ten (10) years ago and the identity of "all persons" who decided the Rock 'n Play Sleeper was "designed for all-night sleep" (a quotation that Plaintiffs do not attribute to particular person or advertisement). Defendants further object to the extent the Interrogatory calls for information protected by the attorney work product doctrine and/or the attorney-client privilege.

6. Identify each product safety committee or safety group in your company or corporate family whose function, task or responsibility at any time was to analyze, study or consider the risks or hazards of suffocation or asphyxiation relating to or concerning the Rock 'n Play. Include in your response the identity of each person on such committee or in such group and the identity, custodian and location of all documents regarding or concerning such analyses, studies or considerations.

**OBJECTION**: Defendants object to Interrogatory No. 6 on the grounds that it is vague, overbroad, and unduly burdensome in that it is not reasonably limited in time or to the Product at issue. Defendants further object to the extent the Interrogatory calls for information protected by the attorney work product doctrine and/or the attorney-client privilege. The term "product safety committee" or "safety group" are vague, and the request for "analyses, studies or considerations" is likewise vague and overbroad. The time frame for the Interrogatory is unlimited and unduly burdensome by seeking information potentially covering a decade of Rock 'n Play Sleeper sales. Defendants also object to the Interrogatory being overbroad, vague and ambiguous in seeking "the identity, custodian and location of all documents regarding or concerning such analyses, studies or considerations."

7. What is the angle of incline of the SnugaMonkey when the product is at rest?

**OBJECTION**: Defendants object to Interrogatory No. 7 as being vague and ambiguous as to the terms "at rest" and "angle of incline of the SnugaMonkey," are not defined. Specifically, the term "angle of incline of the SnugaMonkey" potentially involves the entire Product, including the Product's legs, seat, back, etc. making it impossible to respond in any meaningful way as drafted.

8. Please describe in detail the circumstances and location of and the reasons for all instances in which you or anyone on your behalf videotaped and/or photographed a baby or infant in a Rock 'n Play. As part of your response, identify all persons present during the videotaping and/or photographing of each such baby; describe all tests that were conducted in association with the videotaping of each such baby or infant; identify all babies who were videotaped and/or photographed; state whether any baby or infant was captured on video or photographed standing while restrained; and identify and produce all documents concerning or related to such videotaping, photographing and testing.

**OBJECTION**: Defendants object to Interrogatory No. 8 as overbroad, unduly burdensome, and not reasonably limited in time and scope, and not relevant to the claims and defenses in this case in seeking "the circumstances and location of and the reasons for all instances in which you or anyone on your behalf videotaped and/or photographed a baby or infant in a Rock 'n Play," and trying to identify "all persons present." Defendants further object that the Interrogatory is seeking personal identifying information for any such babies. Defendants further object to the extent the Interrogatory calls for information protected by the attorney work product doctrine and/or the attorney-client privilege.

9. Identify by name of victim, name of victim's caregiver(s), date of occurrence, model of Rock 'n Play, style of legal case, venue where legal case filed, and name of Plaintiff's counsel every injury or death involving suffocation or asphyxiation while in a Rock 'n Play sleeper. In addition, please identify all documents in your possession or control concerning or regarding each such occurrence.

**OBJECTION**: Defendants object Interrogatory No. 9 on the grounds it is overbroad, unduly burdensome and not relevant to the claims and defenses in this case. Plaintiffs have not limited the scope of this Interrogatory to the Product at issue or the time period relevant to this cause of action, or to lawsuits filed. Moreover, this Interrogatory seeks information regarding other alleged occurrences without regard to whether they occurred before or after the date of the incident in this case, and seeks information about matters not substantially similar to the incident in question. Defendants further object to this Interrogatory to the extent it seeks information regarding or concerning reported injuries that are not related to a publicly filed lawsuit or personal identifying information protected by HIPPA or other privacy concerns. Defendants further object to the extent the Interrogatory calls for information protected by the attorney work product doctrine and/or the attorney-client privilege. Defendants further object to the Interrogatory in that it seeks to require Defendants to "identify" documents concerning or regarding unrelated incidents.

10. Identify all standards, laws and regulations that you contend apply to the design of and warnings on Rock 'n Play sleepers.

**OBJECTION**: Defendants object to Interrogatory No. 10 as calling for a legal conclusion and thus beyond the scope of FRCP 33. Defendants further object on the grounds that the request, as phrased, is overbroad and unduly burdensome. The phrase "all standards, laws and regulations

that [Defendants] contend apply to the design and warnings of the Rock 'n Play sleepers" impermissibly attempts to force Defendants to research, consider, and list each possible law, standard or regulation that could apply to the Product regardless of the relevance to this case. Defendants further object to the extent the Interrogatory calls for information protected by the attorney work product doctrine and/or the attorney-client privilege.

11. Reproduce or produce all statements by or on behalf of Plaintiffs concerning the incident, Ezra and/or Ezra's sleeper. Objection will be made at trial to any such statement not produced.

**OBJECTION:** Defendants object to Interrogatory No. 11 to the extent it includes documents and statements by the Plaintiffs which are not in the possession or control of Defendants, or are equally available to Plaintiffs for statements made to third-parties other than Defendants, such as to the media, to investigators, or on social media. Defendants further object that this Interrogatory is duplicative of Request for Production No. 6 and incorporates herein all objections made to Request for Produce No. 6.

12. With regard to the April 5, 2019 alert concerning and regarding Rock 'n Play sleepers, please identify each author of the following statement contained in the alert - "According to medical literature, infants typically begin rollover behaviors at 3 months" — and identify by authors, title and publication all medical literature relied upon for that statement.

**OBJECTION:** Defendants object to Interrogatory No. 12 on the grounds it seeks information not known or in the possession of Defendants. Defendants further object to the extent

the information sought is protected by the attorney work product and/or the attorney-client privilege.

13. Describe in detail all reasons for The Recall, and identify all persons who made the decision to recall the Rock 'n Play and all documents forming the grounds for the decision to recall the Rock 'n Play.

**OBJECTION**: Defendants object to Interrogatory 13 to the extent it is seeking information protected by the attorney work-product doctrine and/or the attorney-client privilege. Defendants further object that the Interrogatory is overbroad, vague and ambiguous as to "all reasons," "all persons," and "all documents forming the grounds" for the decision to voluntarily recall the Rock 'n Play Sleeper. Defendants further object that any information concerning the voluntary recall of the Rock 'n Play Sleeper on April 12, 2019, which occurred nearly 16 months after the incident at issue in this case, is not relevant to Plaintiffs' claims. See Va. Code Ann. § 8.01-418.1 and Fed. R. Evid. 407. Defendants further object on the grounds that the Interrogatory seeks confidential and proprietary business information.

14. State in detail all facts and identify all persons, documents and things upon which you rely for each of your Affirmative Defenses.

**OBJECTION**: Defendants object to Interrogatory 14 to the extent it is seeking information protected by the attorney work-product doctrine and/or the attorney-client privilege. At this early state in this litigation, Defendants' knowledge of this case is limited and derived primarily from allegations contained in Plaintiffs' Complaint. Defendants are in the process of

reviewing and designating the relevant documents in this matter and reserve the right to supplement any list provided at a later point in discovery.

15.     Describe in detail, in narrative form, the cause of the incident, stating all facts and identifying all witnesses, documents or things upon which you rely to answer this Interrogatory.

**OBJECTION**: Defendants object to Interrogatory 15 to the extent it is seeking information protected by the attorney work-product doctrine and/or protected by the attorney-client privilege. Defendants further object to this Interrogatory as it seeks to require Defendants to speculate as to the cause of the incident in question. Defendants further object because the Interrogatory seeks premature discovery of Defendants' experts' opinions. Defendants are not now in a position to determine "all facts" and "all witnesses, documents and things" with regard to the incident and reserve the right to supplement its objections and response to this Interrogatory. In addition, Defendants object to Interrogatory No. 15 to the extent it includes information solely available to Plaintiffs.

Dated: October 1, 2019

Respectfully submitted,

*/s/ Stephen T. Fowler*
Stephen Fowler (VSB 44071)
**GREENBERG TRAURIG, LLP**
2101 L Street N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 530-8587
Facsimile: (202) 261-0462
Email: fowlerst@gtlaw.com

Lori G. Cohen (*pro hac vice pending*)
**GREENBERG TRAURIG, LLP**
The Terminus
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2100
Fax: (678) 553-2212
Email: cohenl@gtlaw.com

Mary-Olga Lovett *(pro hac vice pending)*
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3541
Facsimile: (713) 754-7541
Email: lovettm@gtlaw.com

*Attorneys for Mattel, Inc. and Fisher-Price, Inc*

## CERTIFICATE OF SERVICE

   I hereby certify that on October 1, 2019, I served by email and First Class mail the foregoing Objections to Plaintiffs' Interrogatories to the following:

Michael G. Phelan, Esq.
Jonathan M. Petty, Esq.
Brielle M. Hunt, Esq.
PHELAN PETTY, PLC
6641 West Broad Street, Ste 406
Richmond, VA 23230
(Tel) 804-980-7100
(Fax) 804-767-4601
mphelan@phelanpetty.com
jpetty@phelanpetty.com
bhunt@phelanpetty.com

Jan V. Hinson, Esq.
LAW OFFICES OF JAN V. HINSON, P.C.
330 East Coffee Street
Greenville, SC 29601
(tel) 864-527-5933
(Fax) 877-7973571
jan@janhinsonlaw.com

*Attorneys for Plaintiff*

              /s/ *Stephen T. Fowler*
              Stephen T. Fowler, Greenberg Traurig, LLP