**EXHIBIT C**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**EVAN AMBER OVERTON AND
JOHN KEENAN OVERTON, CO-
ADMINISTRATORS FOR THE ESTATE
OF EZRA MICHAEL OVERTON,
DECEASED,**

      Plaintiffs,

**v.**

**FISHER-PRICE, INC;**

AND

**MATTEL, INC.**

      Defendants.

**Case No.:  1:19-cv-751**

---

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,
ELECTRONICALLY STORED INFORMATION AND THINGS**

COMES NOW Fisher-Price, Inc. and Mattel, Inc. ("Defendants") in the above-referenced

matter, and pursuant to Local Rule 26(C) and this Court's Scheduling Order hereby serve their

Objections to Plaintiffs' First Set of Requests for Production to Defendants ("Plaintiffs'

Requests") as follows:

### INTRODUCTORY STATEMENT

The Fisher-Price product at issue in this litigation is a Rock 'n Play Sleeper, bearing

model number BGB20.  Model number BGB20 is specifically known as the "My Little

Snugamonkey Special Edition Deluxe Newborn Rock 'n Play Sleeper" (the "Product").  The

incident in question in this case occurred on December 22, 2017.

The Rock 'n Play Sleeper product line, which was first sold in the U.S. beginning in 2009, has included many different models, with different characteristics and marketing, over the approximately ten years sold.

In objecting and responding to Plaintiffs' Requests, Defendants do not adopt, embrace or accept any term or definition employed by the Plaintiffs. Defendants have made reasonable efforts to form their objections and responses to these Requests based on their reasonable interpretation thereof. If the Plaintiffs subsequently assert an interpretation of any of these Requests which differs from that of Defendants', Defendants reserve the right to supplement their objections and responses. Responses to Plaintiffs' Requests will be provided subsequently consistent with FRCP 34 and Local Rule 26(C).

The statement in any given Objection that documents will be produced means that documents will be produced, as limited by the relevant objections, provided that such documents exist and are in the possession, custody or control of Defendants. Defendants' stated willingness to produce certain classes of documents should in no way be construed as an affirmative acknowledgement that such documents either exist or are in the possession, custody or control of Defendants or that they are admissible at trial.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Defendants object to Plaintiffs' definitions and instructions to the extent they are inconsistent with the Federal Rules of Civil Procedure and Local Rules of this Court. In objecting and responding to these Requests, the Defendants will comply with their obligations under these rules.

2.      Defendants object to Definition (b) for the "Rock 'n Play" on the grounds it is overbroad, unduly burdensome, not relevant to the claims and defenses in this case, and not

proportional to the needs of the case by referring to "all models of the Fisher-Price Rock 'n Play inclined sleeper" rather than the Product.[1]  To the extent Defendants produce any documents and information beyond those related to the Product, Defendants are not in any way waiving admissibility or later objections to admissibility.

       3.     Defendants object to Instruction (n) "Similar occurrences" on the grounds it is overbroad and assumes that other reported incidents where a child was allegedly "injured or killed, as a result of being in a Rock 'n Play" are substantially similar to the incident at issue in this case where the facts of those circumstances and cause of the injury or death in other alleged incidents are markedly different.

## REQUESTS FOR PRODUCTION

       1.     Produce a prototype of each version of the SnugaMonkey sold in the United States from 2009 — the incident.

      **OBJECTIONS:**  Defendants object to Request No. 1 as being overbroad, unduly burdensome, not limited in time or scope, vague and ambiguous including as to the term "prototype", and seeking information not relevant to any claims or defenses in this case.  As written, the request seeks prototypes from more than seven (7) years before the incident in question.  Further, not all of the "prototypes" – even if available – are relevant or reasonably likely to lead to the discovery of admissible evidence.

       2.     All documents responsive to any of Plaintiffs' Interrogatories.

---

[1] Notwithstanding this objection and the objections to specific requests as to the time frame and other models, Defendants have agreed to re-produce the documents produced in the *Torres* and *Goodrich* cases which include documents going back to 2009 and involving Rock 'n Play Sleeper models other than the Product in this case.  Such production is not intended to, and does not, waive Defendants' right to object to the production of additional documents related to Rock 'n Play Sleeper models other than the Product.  In addition, Defendants reserve any objections to the admissibility of the documents produced from the *Torres* or *Goodrich* cases, or otherwise.

**OBJECTIONS**: Defendants adopt and incorporate their objections to the Interrogatories, or parts thereof, requesting documents.

3.     All documents concerning, regarding or forming a reason for The Recall.

**OBJECTIONS**:  Defendants object to Request No. 3 as being overbroad, vague and ambiguous including as to the meaning of "forming a reason", and seeking documents not relevant to any claims or defenses in this case.  Defendants object that any records concerning the voluntary recall of the Rock 'n Play Sleeper on April 12, 2019, which occurred nearly 16 months after the incident at issue in this case, are not relevant to any claims or defenses in this case.  See Va. Code Ann. § 8.01-418.1 and Fed. R. Evid. 407.  Defendants further object to the Request to the extent that it calls for documents protected by the attorney work-product doctrine and attorney-client privilege.

4.     All documents concerning, regarding or forming a reason for each Alert.

**OBJECTIONS**:  Defendants object to Request No. 4 as being overbroad, vague and ambiguous including as to the meaning of "forming a reason", and seeking documents not relevant to any claims or defenses in this case.  Defendants further object to the Request as seeking documents not in the possession or control of Defendants.  Defendants also object that any records concerning the voluntary Alert jointly issued by CPSC and Fisher-Price pertaining to the Fisher-Price Rock 'n Play Sleeper occurred April 5, 2019, more than 15 months after the incident at issue in this case, are not relevant to any claims or defenses in this case.  See Va. Code Ann. § 8.01-418.1 and Fed. R. Evid. 407.  In addition, Defendants object to the Request to the

extent that it calls for documents protected by the attorney work-product doctrine and attorney-client privilege.

5.      All packaging, package inserts and warnings for each version of the SnugaMonkey that was sold in the United States from 2009 — the incident.

**OBJECTIONS:**   Defendants object to Request No. 5 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and seeking documents not relevant to any claims or defenses in this case.  As written, the Request seeks documents going back eight (8) years prior to the incident.

6.      All statements by any of the Plaintiffs or their agents concerning or relating to the incident, Rock 'n Play sleepers, Ezra, Ezra's sleeper or the defendants.

**OBJECTIONS**:  Defendant objects to Request No. 6 to the extent it includes documents and statements by the Plaintiffs which are not in the possession or control of Defendants, or are equally available to Plaintiffs for statements made to third-parties other than Defendants, such as to the media, to investigators, or on social media.

7.      All documents provided to the manufacturer of Rock 'n Play sleepers concerning or relating to the design of the sleepers.

**OBJECTIONS:** Defendants object to Request No. 7 as being overbroad, unduly burdensome, not reasonably limited in time or scope, not relevant to the claims and defenses in the case, disproportionate to the needs of this case, and as vague and ambiguous in its use of the undefined terms and phrase "relating to the design of the sleepers."  As written, the Request

seeks documents going back ten (10) years. It is unduly burdensome to require Defendants to inspect every email and document provided to any manufacturer over the past ten (10) years, for every model of the Rock 'n Play Sleeper, to determine if it relates to the design of any Rock 'n Play Sleeper.

8.      All documents from the manufacturer of Rock 'n Play sleepers concerning or relating to the design of the sleepers.

**OBJECTIONS:** Defendants object to Request No. 8 as being overbroad, unduly burdensome, not reasonably limited in time or scope, disproportionate to the needs of this case, and as vague and ambiguous in its use of the undefined terms and phrase "relating to the design of the sleepers." As written, the Request seeks documents going back ten (10) years. It is unduly burdensome to require Defendants to inspect every email and document received from any manufacturer over the past ten (10) years, for every model of the Rock 'n Play Sleeper, to determine if it relates to the design of any Rock 'n Play Sleeper.

9.      All documents from, to, in which he is a recipient or that refer to John Deegear, M.D. concerning or relating to inclined infant sleepers, the Rock 'n Play, or hammocks.

**OBJECTIONS:** Defendants object to Request No. 9 as being over broad, unduly burdensome and not limited in time by seeking documents going back potentially more than ten (10) years. All documents that refer to John Deegear, M.D. and involving any model of the Rock 'n Play Sleeper or the undefined term "hammocks" is vague and ambiguous, and it would be unduly burdensome to force Defendants to search for all documents from, to or which even refer to Dr. John Deegear, without regard to time period, relevance, or a specific subject or model.

Defendants further object to the Request to the extent that it calls for documents protected by the attorney work-product doctrine and attorney-client privilege.

10.     All documents upon which you relied prior to first selling Rock 'n Play sleepers in the United States in 2009 that Rock 'n Play sleepers were safe for all-night sleep.

**OBJECTION:** Defendants object to Request No. 10 as being overbroad, vague and ambiguous and not reasonably limited in time and scope.  As written, the Request seeks documents going back more than ten (10) years and involving models of the Rock 'n Play Sleeper other than the Product.  It is unduly burdensome to require Defendants to inspect every email and document prior to the first sale of any Rock 'n Play Sleeper and without any relationship to the Product specifically. Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine and/or attorney client privilege.

11.     All documents upon which you relied subsequent to first selling Rock 'n Play sleepers in the United States in 2009 that Rock 'n Play sleepers were safe for all-night sleep.

**OBJECTION:**  Defendants object to Request No. 11 to the extent it seeks documents protected by the attorney work-product doctrine and/or attorney client privilege.  Defendants further object to Request No. 11 as being overbroad and unduly burdensome in seeking all documents from more than ten (10) years ago and involving models of the Rock 'n Play Sleeper other than the Product.  It is unduly burdensome to require Defendants to inspect every email and document for a ten (10) year period and without any relationship to the Product specifically.

12.     All documents that allege or show that Rock 'n Play sleepers are not safe for all-night sleep.

**OBJECTION:**  Defendants object to Request No. 12 is overbroad, not limited in time or scope.  As written, the Request seeks documents from more than ten (10) years ago and involving models of the Rock 'n Play Sleeper other than the Product.  It is unduly burdensome to require Defendants to inspect every email and document for a ten (10) year period and without any relationship to the Product specifically.  Defendants further object to the extent the Request seeks any Complaint filed in litigation which is publicly available, and further object to producing any claim asserted which involves the Rock 'n Play Sleeper after the date of the incident. Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine and/or attorney client privilege.


13.     All documents concerning or related to other incidents involving infants injured or dying while in a Rock 'n Play sleeper.  Include in your response all pleadings and discovery with regard to those incidents that resulted in litigation.

**OBJECTIONS:**  Defendants object to Request No. 13 on the grounds it is overbroad, unduly burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case.  As written, the Request seeks all documents related to any other incident or litigation including any events which occurred subsequent to the incident in question, and/or are not substantially similar to the incident in question and not relevant to the claims and defenses in the case. Defendants further object to the Request seeking "all pleadings and discovery" in other litigations involving the Rock 'n Play Sleeper, which are not relevant to the claims or defenses in

this case.  In addition, Defendants object to this request to the extent it seeks documents protected

by the attorney work-product doctrine and/or attorney client privilege.

14.     Every warning ever contained on any model of the Rock 'n Play.  Please indicate

the date range that each warning appeared on each model.

**OBJECTIONS:**  Defendants object to Request No. 14 as being overbroad, unduly

burdensome, not limited in time or scope, disproportionate to the needs of this case, and seeks

documents not relevant to the claims and defenses in the case.  As written the Request seeks

documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper,

including models other than the Product.  Defendants further object that any changes to the

warnings on Rock 'n Play Sleeper models <u>after</u> the incident in question are not relevant to the

claims and defenses in this case under Va. Code § 8.01-418.1 and Fed. R. Evid. 407.

15.     Documents concerning or relating to all surveys, consumer feedback programs or

tests concerning or relating to any Rock 'n Play sleeper.

**OBJECTIONS:**  Defendants object to Request No. 15 as being overbroad, unduly

burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses

in the case.  Defendants further object to the Request to the extent it seeks documents protected

by the attorney work-product doctrine or the attorney-client privilege.  As written the Request

seeks documents going back ten (10) years and involving every model of the Rock 'n Play

Sleeper, including models other than the Product.  Defendants further object that that the terms

"surveys" and "consumer feedback programs" are vague and ambiguous terms subject to

multiple interpretations, and are so broad as to include any possible subject relating to the Rock 'n Play Sleeper.

16.    Documents concerning or relating to the ability of an infant to push him or herself up to a standing position in a Rock 'n Play sleeper.

**OBJECTIONS:** Defendants object to Request No. 16 as being overbroad, vague and ambiguous as not defining what age and developmental stage of an infant the request refers to, calls for expert opinion, and is vague and ambiguous on the grounds "standing position" is not a defined term and subject to multiple interpretations. Defendants further object that as written the Request seeks documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper, including models other than the Product. Defendants further object to this Request as not reasonably limited in time and scope because as written it would include documents post-dating the incident alleged in this case, which occurred on December 22, 2017. Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine or the attorney-client privilege.

17.    Documents concerning or relating to the ability of an infant to rollover while restrained in a Rock 'n Play sleeper.

**OBJECTIONS:** Defendants object to Request No. 17 on the grounds it is overbroad, calls for expert opinion, and vague and ambiguous as not defining what age and developmental stage of an infant to which the request refers. Defendants further object that as written the Request seeks documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper, including models other than the Product. Defendants further object to this Request

as not reasonably limited in time and scope because as written it would include documents post-dating the incident alleged in this case, which occurred on December 22, 2017.  Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine.

18.     Documents concerning or relating to testing or the safety or the efficacy of the Rock 'n Play crotch strap.

**OBJECTIONS:**  Defendants object to Request No. 18 on the grounds it is overbroad and unduly burdensome.  As written the Request seeks documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper, including models other than the Product. Defendants further object to this Request as not reasonably limited in time and scope because as written it would include documents post-dating the incident alleged in this case, which occurred on December 22, 2017.  Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine or the attorney-client privilege.

19.     Documents concerning or relating to any and all testing of the SnugaMonkey.

**OBJECTIONS:**  Defendants object to Request No. 19 on the grounds it is overbroad and unduly burdensome.  Defendants further object that as written the Request seeks documents going back ten (10) years.   Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine or the attorney-client privilege.

20.     Documents concerning or relating to any and all testing of the Rock 'n Play models with animal inserts, e.g., the lamb insert.

**OBJECTIONS:**  Defendants object to Request No. 20 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case.  As written, the Request seeks documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper with an animal insert, including models other than the Product.  Defendants further object to this Request as not reasonably limited in time and scope because as written it would include documents post-dating the incident alleged in this case, which occurred on December 22, 2017.   Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine and/or the attorney-client privilege.

21.    Documents concerning or relating to any recall of any model Rock 'n Play or component thereof.

**OBJECTIONS:**  Defendants object to Request No. 21 as being overbroad, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case.  As written, the Request seeks documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper and any components thereof. Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine and/or the attorney-client privilege.  Defendants objects that any records concerning the <u>voluntary</u> Recall of April 12, 2019 pertaining to the Rock 'n Play Sleeper, which occurred nearly 16 months <u>after</u> the incident at issue in this case, are not relevant to any claims or defenses in this case. <u>See</u> Va. Code Ann. § 8.01-418.1 and Fed. R. Evid. 407.  Defendants further object on the grounds that the Request seeks confidential and proprietary business information.

22.     Documents concerning or relating Dr. Deegear's statements and suggestions in an August 19, 2009 conference call regarding the Rock 'n Play sleeper that an infant would have to be at least 3 months old before it could arch its back and push itself up the seat back, and that you could use a stretchy-type mesh material in the foot rest area of the Rock 'n Play to make it more difficult for the infant occupant to push itself up.

**OBJECTIONS:** Defendants object to Request No. 22 on the grounds that it mischaracterizes Dr. Deegear's statements and assumes facts that are not definitively in the record.  Defendants further object to the Request to the extent that it seeks information protected by the attorney work-product doctrine and/or attorney-client privilege.


23.     Documents showing, concerning or relating to all tests in which an infant (restrained or unrestrained) pushed itself to a standing position in a Rock 'n Play.

**OBJECTION:** Defendants object to Request No. 23 on the grounds it is overbroad, unduly burdensome and unlimited in time and scope, calls for expert opinion, and vague and ambiguous as "standing position" is not a defined term and subject to multiple interpretations. As written the Request seeks documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper, including models other than the Product.  Defendants further object to this Request as not reasonably limited in time and scope because as written it would include documents post-dating the incident alleged in this case, which occurred on December 22, 2017. Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine.

24.     Documents concerning or relating to any and all foreign government, agency or other entity concerning or relating to whether the Rock 'n Play was safe or could be marketed for all-sleep; whether the Rock 'n Play should be reclassified as a "soother", or redesign of the Rock 'n Play.

**OBJECTIONS:** Defendants object to Request No. 24 on the ground it is overbroad, not reasonably limited in time and scope, and not relevant to the claims and defenses in the case. As written the Request seeks documents that are not relevant to Plaintiffs' claim of a Breach of Implied Warranty of Merchantability. Further, the Request seeks documents going back ten (10) years and involving every model of the Rock 'n Play Sleeper, including models other than the Product. Defendants further object to this Request as not reasonably limited in time and scope because as written it would include documents post-dating the incident alleged in this case, which occurred on December 22, 2017. Defendants further object on the grounds that the Request seeks confidential and proprietary business information. Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine.

25.     Documents reflecting all design changes to the Rock 'n Play from 2009 through the Recall.

**OBJECTIONS:** Defendants object to Request No. 25 as being overbroad, unduly burdensome, not reasonably limited in time or scope, disproportionate to the needs in this case, and not relevant to the claims and defenses in the case. As written, the Request seeks ten (10) years of documents reflecting "all design changes" in every model of the Rock 'n Play sleeper, including models other than the Product. Defendants further object to this Request as not

reasonably limited in time and scope because as written it would include documents post-dating the incident alleged in this case, which occurred on December 22, 2017.

26. Documents concerning and relating to the CPSC revising its standards for infant sleep surfaces (including bassinets), including documents concerning and relating to your response to the CPSC announcing its planned revisions.

**OBJECTIONS:** Defendants object to Request No. 26 as being overbroad and unduly burdensome in that it seeks documents from a ten (10) year period and is not limited to the Rock 'n Play Sleeper or the Product. Defendants further object to the extent the Request seeks information protected by the attorney work-product doctrine and the attorney-client privilege.

27. Documents concerning or relating to all pre- and post-marketing consultations with Dr. Deegear about the Rock 'n Play.

**OBJECTIONS:** Defendants object to Request No. 27 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case. As written, the Request seeks documents going back ten (10) related to every model of the Rock 'n Play sleeper, including models other than the Product. In addition, Defendants object the Request is vague and ambiguous as to the terms "pre- and post-marketing" which are not defined. Defendants further object to this Request as being redundant to Request No. 9 and incorporate their response thereto. Defendants further object to the extent the Request seeks information protected by the attorney work-product doctrine and the attorney-client privilege.

28. Documents concerning or relating to Ezra, the incident, Ezra's sleeper or Ezra's parents.

**OBJECTIONS:** Defendants object to this request to the extent it seeks documents protected by the attorney work-product doctrine and/or attorney-client privilege. Defendants further object that documents concerning or relating to Ezra, the incident, Ezra's sleeper or Ezra's parents are equally or more accessible to Plaintiffs.

29.     Documents concerning or relating to communications between you and the AAP about inclined infant sleepers, hammocks and/or the Rock 'n Play.

**OBJECTIONS:** Defendants object to Request No. 29 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case. As written the Request seeks communications with AAP going back ten (10) years and involving every model of the Rock 'n Play Sleeper and any prototypes or "hammocks" (an undefined term), including models other than the Product. Defendants further object to the extent the Request seeks information protected by the attorney work-product doctrine and the attorney-client privilege.

30.     Documents concerning or relating to the angle of incline of the Rock 'n Play, including the SnugaMonkey, while at rest.

**OBJECTIONS:** Defendants object to Request No. 30 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product. In addition, Defendants object to this Request as being vague and ambiguous as to the term "at rest" and "angle of incline of the SnugaMonkey." Specifically, the term "angle of incline of the

SnugaMonkey" potentially involves the entire Product, including the Product's legs, seat, back, etc. making it impossible to respond in any meaningful way. Defendants further object to the extent the Request seeks information protected by the attorney work-product doctrine and the attorney-client privilege.

31.    Documents concerning or relating to the safety of infant sleep at the angle of incline at or above the angle of incline of the Rock 'n Play while at rest.

**OBJECTIONS:** Defendants object to Request No. 31 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product. In addition, Defendants object to this Request as being vague and ambiguous as to the term "at rest" and "angle of incline." Specifically, the term "angle of incline" potentially involves the entire Product, including the Product's legs, seat, back, etc. making it impossible to respond in any meaningful way. Defendants further object to the extent the Request seeks information protected by the attorney work-product doctrine and the attorney-client privilege.

32.    Documents concerning or relating to the risk of suffocation to the occupant of an inclined infant sleeper, hammock or Rock 'n Play, including but not limited from the ability of an infant to push itself up to a standing position, the inability of the crotch strap to prevent an infant from standing or rolling over, and/or hazards posed by the extra padded material from the inserts of certain models including the SnugaMonkey.

**OBJECTIONS:** Defendants object to Request No. 32 as being overbroad, unduly burdensome, and not reasonably limited in time or scope. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product. Defendants further object that the Request is vague and ambiguous as not defining what age and developmental stage of an infant to which the request refers. Defendants further object to the extent the Request seeks documents protected by attorney work-product doctrine and/or the attorney-client privilege.

33.     Documents concerning or relating to your participation with ASTM International regarding the creation of a voluntary standard for inclined infant sleep products.

**OBJECTION:** Defendants object to Request No. 33 as being overbroad, unduly burdensome, and not reasonably limited in time or scope. Defendants further object to the extent the Request seeks documents protected by attorney work-product doctrine and/or the attorney-client privilege.

34.     All medical literature responsive to any of Plaintiff's Interrogatories or that you reference in your discovery responses.

**OBJECTION:** Request No. 34 is duplicative of Request No. 2. Defendants incorporate its objection to Request No. 2 herein. Defendants further object to Request No. 34 as being overbroad, unduly burdensome, and to the extent it calls for expert opinion. Defendants further object to the extent that the Request seeks documents protected by attorney work-product doctrine by asking counsel to determine what medical literature may be "responsive" to any of Plaintiffs' Interrogatories.

35.    Documents concerning or relating to infant rollover behavior.

**OBJECTIONS:** Defendants object to Request No. 35 on the grounds it is overbroad, not reasonably limited in time or scope, and vague and ambiguous as to the phrase "infant rollover behavior." Defendants further object the Request is vague and ambiguous as not defining what age and developmental stage of an infant to which the request refers. Defendants further object to the Request seeking documents created subsequent to the date of incident in this case as such documents are not relevant to the claims and defenses in the case.

36.    Documents concerning or relating to communication between or among you and the JPML regarding inclined infant sleep products, standards, and/or the Rock 'n Play.

**OBJECTIONS:** Defendants object to Request No. 36 as being vague and ambiguous as to "JPML", overbroad, unduly burdensome, and not relevant to the claims and defenses in the case. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product. Defendants further object to the Request to the extent it seeks documents protected by the attorney work-product doctrine and/or the attorney-client privilege. Defendants further object to the Request to the extent it seeks documents subsequent to the date of incident in this case as such documents are not relevant to any claims or defenses in this case.

37.    Documents concerning, reflecting or relating to communication between or among you and the CPSC about infant deaths in the Rock 'n Play.

**OBJECTIONS:** Defendants object to Request No. 37 to the extent the Request seeks documents protected by the attorney work-product doctrine and/or the attorney-client privilege. Defendants further object to the Request to the extent it seeks documents created subsequent to the date of incident in this case as such documents are not relevant to the claims and defenses in the case. Defendants further object to this Request on the grounds that it assumes other infant fatalities are substantially similar to the incident at issue in this case where the facts of those circumstances and cause of the injury or death in other alleged incidents are markedly different.

38.     Documents (including patent applications and related documents) concerning or relating to any and all studies or tests designed to decrease the risk of infant suffocation or asphyxiation in the Rock 'n Play or in inclined infant sleepers.

**OBJECTIONS:** Defendants object to Request No. 38 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and not relevant to the claims and defenses in the case. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product. Defendants further object to the extent the Request seeks information protected by the attorney work-product doctrine and the attorney-client privilege. Defendants further object to the extent the Request seeks such documents created subsequent to the date of incident in this case as such documents are not relevant to any claims or defenses in this case.

39.     Documents concerning, relating to or containing recommendations or suggestions to prevent or reduce the risk of injury or death caused by an infant sleeping in the Rock 'n Play.

**OBJECTIONS:** Defendants object to Request No. 39 as being overbroad, unduly burdensome, not reasonably limited in time or scope. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product. Defendants further object to the extent the request seeks documents protected by the attorney work-product doctrine and/or the attorney-client privilege. Defendants further object to the extent the Request seeks such documents created subsequent to the date of incident in this case as such documents are not relevant to the claims and defenses in the case.

40.     Documents concerning or relating to the risk of an infant suffocating or dying which in a Rock 'n Play.

**OBJECTIONS:** Defendants object to Request No. 40 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product. Defendants further object to the extent the request seeks documents protected by the attorney work-product doctrine and/or the attorney-client privilege. Defendants further object to the extent the Request seeks such documents created subsequent to the date of incident in this case as such documents are not relevant to the claims and defenses in the case.

41.     An organizational flow chart for each defendant.

**OBJECTION:** Defendants object to Request No. 41 as being overbroad, unduly burdensome, vague and ambiguous in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence.

*Page 21 of 21*

42.     All documents, discovery, depositions, transcripts, and pleadings associated with

*Liliana Coronado Torres, Individually and as Representative of the Estate of Dayana Coronado-Torres and Joes Rigoberto Arias v. Imperial Manufactory Limited Tsuen Lee Metals & Plastic Toys Co., LTD., Fisher-Price, Inc. and Mattel, Inc.*, United States District Court for the Southern District of Texas McAllen Division, Civil File Action Number 7:15-CV-00444.

**OBJECTION:** Defendants object to Request No. 42 on grounds it seeks documents that are not relevant nor reasonably anticipated to lead to the discovery of admissible evidence in this case. Defendants further object to the extent that the request seeks documents protected by the attorney work-product doctrine and/or the attorney-client privilege. As written, the Request seeks documents related to other incidents or litigations which are not substantially similar to the incident in question and which are not relevant to the claims and defenses in the case.


43.     All design documents for the Rock 'n Play, including schematics, drawings and patents.

**OBJECTIONS:** Defendants object to Request No. 43 as being overbroad, unduly burdensome, not reasonably limited in time or scope, and seeks documents not relevant to the claims and defenses in the case. As written the Request seeks documents involving every model of the Rock 'n Play Sleeper going back ten (10) years, including models other than the Product.


Dated: October 1, 2019                    Respectfully submitted,

/s/ Stephen T. Fowler
Stephen Fowler (VSB 44071)
**GREENBERG TRAURIG, LLP**
2101 L Street N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 530-8587
Facsimile: (202) 261-0462
Email: fowlerst@gtlaw.com

Lori G. Cohen (*pro hac vice pending*)
**GREENBERG TRAURIG, LLP**
The Terminus
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2100
Fax: (678) 553-2212
Email: cohenl@gtlaw.com

Mary-Olga Lovett (*pro hac vice pending*)
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3541
Facsimile: (713) 754-7541
Email: lovettm@gtlaw.com

*Attorneys for Mattel, Inc. and Fisher-Price, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2019, I served by email and First Class mail the foregoing Objections to Plaintiffs' Requests for Production of Documents on the following:

Michael G. Phelan, Esq.
Jonathan M. Petty, Esq.
Brielle M. Hunt, Esq.
PHELAN PETTY, PLC
6641 West Broad Street, Ste 406
Richmond, VA 23230
(Tel) 804-980-7100
(Fax) 804-767-4601
mphelan@phelanpetty.com
jpetty@phelanpetty.com
bhunt@phelanpetty.com

Jan V. Hinson, Esq.
LAW OFFICES OF JAN V. HINSON, P.C.
330 East Coffee Street
Greenville, SC 29601
(tel) 864-527-5933
(Fax) 877-7973571
jan@janhinsonlaw.com

*Attorneys for Plaintiff*

/s/ *Stephen T. Fowler*
Stephen T. Fowler, Greenberg Traurig, LLP