**EXHIBIT E**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**EVAN AMBER OVERTON AND
JOHN KEENAN OVERTON, CO-
ADMINISTRATORS FOR THE ESTATE
OF EZRA MICHAEL OVERTON,
DECEASED,**

      Plaintiffs,

**v.**                                    **Case No.:  1:19-cv-751**

**FISHER-PRICE, INC;**

**AND**

**MATTEL, INC.**

      Defendants.

### DEFENDANTS' RESPONSES TO PLAINTIFFS'
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,
### ELECTRONICALLY STORED INFORMATION AND THINGS

COME NOW Fisher-Price, Inc. and Mattel, Inc. ("Defendants") in the above-

referenced matter, and pursuant to Local Rule 26(C) and this Court's Scheduling Order

hereby serve their Responses to Plaintiffs' First Set of Requests for Production to

Defendants ("Plaintiffs' Requests") as follows:

### INTRODUCTORY STATEMENT

Defendants' responses to Plaintiffs' Requests are made subject to their objections

previously asserted on October 1, 2019. In responding to Plaintiffs' Requests, Defendants

do not adopt, embrace or accept any term or definition employed by the Plaintiffs.

Defendants have made reasonable efforts to form their objections and responses to these

Requests based on their reasonable interpretation thereof. If the Plaintiffs subsequently assert an interpretation of any of these Requests which differs from that of Defendants', Defendants reserve the right to supplement their responses.

In responding to Plaintiffs' Requests, Defendants refer Plaintiffs to the parties' Joint Proposed Discovery Plan. *See* Joint Proposed Discovery Plan, Dkt. 16 (filed Sept. 25, 2019). In accordance with the parties' Joint Proposed Discovery Plan, on October 18, 2019, Defendants reproduced those documents that Defendant(s) produced in the *Goodrich v. Fisher-Price, Inc.* and *Torres v. Fisher-Price, Inc. and Mattel, Inc. et al.* cases (hereinafter, the "Initial Production"). Where Plaintiffs' Requests seek documents that may be encompassed in the Initial Production, Defendants will incorporate them by reference. *See id.*

The statement in any given Response that documents will be produced means that documents will be produced, as limited by the objections, provided that such documents exist and are in the possession, custody or control of Defendants and can be located following a reasonable search and diligent inquiry. Defendants' stated willingness to produce certain classes of documents should in no way be construed as an affirmative acknowledgement that such documents either exist or are in the possession, custody or control of Defendants or that they are admissible at trial.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Produce a prototype of each version of the SnugaMonkey sold in the United States from 2009 — the incident.

**RESPONSE:** Subject to and without waiving their objections, the Defendants will produce a Fisher-Price® My Little Snugamonkey Special Edition Deluxe Newborn Rock 'n Play™ Sleeper, Model No. BGB20 (hereinafter, the "Product"), to the extent one can be located following a reasonable search and diligent inquiry. At present none have been located.  Discovery is ongoing and Defendants reserve the right to supplement this Response.

2.      All documents responsive to any of Plaintiffs' Interrogatories.

**RESPONSE:** Subject to and without waiving their objections, Defendants have produced and/or will produce the specific documents identified in their interrogatory responses.  Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

3.      All documents concerning, regarding or forming a reason for The Recall.

**RESPONSE:**  Subject to and without waiving their objections, Defendants will produce any recall announcement(s) and/or media statement(s) related to the voluntary recall of the Rock 'n Play Sleeper that occurred on April 12, 2019. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

4.      All documents concerning, regarding or forming a reason for each Alert.

**RESPONSE:** Subject to and without waiving their objections, Defendants will produce the letter received from the CPSC email dated April 2, 2019, which includes as an attachment a draft of the safety alert prepared by CPSC.  Discovery is ongoing and

Defendants reserve the right to supplement this response if additional responsive documents are identified.

5.      All packaging, package inserts and warnings for each version of the SnugaMonkey that was sold in the United States from 2009 — the incident.

**RESPONSE:** Subject to and without waiving their objections, Defendants will produce the packaging and user manual for the Product. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

6.      All statements by any of the Plaintiffs or their agents concerning or relating to the incident, Rock 'n Play sleepers, Ezra, Ezra's sleeper or the defendants.

**RESPONSE:** Subject to and without waiving their objections, Defendants will produce any statements made by Plaintiffs directly to Defendants. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

7.      All documents provided to the manufacturer of Rock 'n Play sleepers concerning or relating to the design of the sleepers.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

8.      All documents from the manufacturer of Rock 'n Play sleepers concerning or relating to the design of the sleepers.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

9.      All documents from, to, in which he is a recipient or that refer to John Deegear, M.D. concerning or relating to inclined infant sleepers, the Rock 'n Play, or hammocks.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

10.     All documents upon which you relied prior to first selling Rock 'n Play sleepers in the United States in 2009 that Rock 'n Play sleepers were safe for all-night sleep.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference. Defendants will supplement the Initial Production with the Products Requirement Document ("PRD") applicable to the Product, as well as any Product warnings and instructions for use, and the applicable ASTM standards. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

11.     All documents upon which you relied subsequent to first selling Rock 'n

Play sleepers in the United States in 2009 that Rock 'n Play sleepers were safe for all-

night sleep.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer

Plaintiffs to their response to Request No. 10. Discovery is ongoing and Defendants

reserve the right to supplement this response if additional responsive documents are

identified.

12.     All documents that allege or show that Rock 'n Play sleepers are not safe

for all-night sleep.

**RESPONSE:** Subject to and without waiving their objections, Defendants state

that several lawsuits have been publicly filed related to the safety of the Rock 'n Play

Sleeper, which will be produced.

13.     All documents concerning or related to other incidents involving infants

injured or dying while in a Rock 'n Play sleeper. Include in your response all pleadings

and discovery with regard to those incidents that resulted in litigation.

*[handwritten margin notes: All Mattel docs. · Case History Reports · internal docs.) · MDR · Matter Detail Reports]*

*[handwritten: drop]*

**RESPONSE:** Subject to and without waiving their objections, Defendants refer

to their Initial Production, which is incorporated herein by reference.  Defendants will

supplement the Initial Production with the IDI report, Matter Detail Report, and Case

History Report for the incident referenced in the Complaint. Discovery is ongoing and

Defendants reserve the right to supplement this response if additional responsive

documents are identified.

14.     Every warning ever contained on any model of the Rock 'n Play.  Please indicate the date range that each warning appeared on each model.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Defendants will supplement the Initial Production with the PRD applicable to the Product, the user manual and instructions for the Product, warnings and packaging for the Product, and the applicable ASTM standards.  Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

15.     Documents concerning or relating to all surveys, consumer feedback programs or tests concerning or relating to any Rock 'n Play sleeper.

**RESPONSE:**   Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Defendants reserve the right to supplement this response if additional responsive documents are identified as Discovery is ongoing.

16.     Documents concerning or relating to the ability of an infant to push him or herself up to a standing position in a Rock 'n Play sleeper.

**RESPONSE:**  Subject to and without waiving their objections, none.

17.     Documents concerning or relating to the ability of an infant to rollover while restrained in a Rock 'n Play sleeper.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production which is incorporated herein by reference. Discovery is

ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

18.     Documents concerning or relating to testing or the safety or the efficacy of the Rock 'n Play crotch strap.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Defendants will supplement the Initial Production with the PRD applicable to the Product, the user manual and instructions for the Product, warnings and packaging for the Product, and the applicable ASTM standards. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

19.     Documents concerning or relating to any and all testing of the SnugaMonkey.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Defendants will supplement the Initial Production with the PRD applicable to the Product, the user manual and instructions for the Product, warnings and packaging for the Product, and the applicable ASTM standards.  Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

20.     Documents concerning or relating to any and all testing of the Rock 'n Play models with animal inserts, e.g., the lamb insert.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to Response No. 19.

21.     Documents concerning or relating to any recall of any model Rock 'n Play or component thereof.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to Response No. 3.

22.     Documents concerning or relating Dr. Deegear's statements and suggestions in an August 19, 2009 conference call regarding the Rock 'n Play sleeper that an infant would have to be at least 3 months old before it could arch its back and push itself up the seat back, and that you could use a stretchy-type mesh material in the foot rest area of the Rock 'n Play to make it more difficult for the infant occupant to push itself up.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to Response No. 9.

23.     Documents showing, concerning or relating to all tests in which an infant (restrained or unrestrained) pushed itself to a standing position in a Rock 'n Play.

**RESPONSE:**  Subject to and without waiving their objections, none.

24.     Documents concerning or relating to any and all foreign government, agency or other entity concerning or relating to whether the Rock 'n Play was safe or could be marketed for all-sleep; whether the Rock 'n Play should be reclassified as a "soother", or redesign of the Rock 'n Play.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Discovery

is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

25.     Documents reflecting all design changes to the Rock 'n Play from 2009 through the Recall.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified

26.     Documents concerning and relating to the CPSC revising its standards for infant sleep surfaces (including bassinets), including documents concerning and relating to your response to the CPSC announcing its planned revisions.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

27.     Documents concerning or relating to all pre- and post-marketing consultations with Dr. Deegear about the Rock 'n Play.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer Plaintiffs to Response No. 9.

28.     Documents concerning or relating to Ezra, the incident, Ezra's sleeper or Ezra's parents.

**RESPONSE:** Subject to and without waiving their objections, Defendants will produce the IDI report, Matter Detail Report, and Case History Report for the incident referenced in the Complaint. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

29.     Documents concerning or relating to communications between you and the AAP about inclined infant sleepers, hammocks and/or the Rock 'n Play.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

30.     Documents concerning or relating to the angle of incline of the Rock 'n Play, including the SnugaMonkey, while at rest.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Defendants will supplement the Initial Production with the PRD applicable to the Product, the user manual and instructions for the Product, warnings and packaging for the Product, and the applicable ASTM standards. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

31.     Documents concerning or relating to the safety of infant sleep at the angle of incline at or above the angle of incline of the Rock 'n Play while at rest.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to Response No. 30.

Page 11 of 17

is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

36.     Documents concerning or relating to communication between or among you and the JPML [sic] regarding inclined infant sleep products, standards, and/or the Rock 'n Play.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

37.     Documents concerning, reflecting or relating to communication between or among you and the CPSC about infant deaths in the Rock 'n Play.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference. Defendants will supplement the Initial Production with additional responsive documents that are identified, including the IDI report for the incident referenced in the Complaint. Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

38.     Documents (including patent applications and related documents) concerning or relating to any and all studies or tests designed to decrease the risk of infant suffocation or asphyxiation in the Rock 'n Play or in inclined infant sleepers.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference. Defendants

will supplement the Initial Production with the PRD applicable to the Product, the user

manual and instructions for the Product, warnings and packaging for the Product, and the

applicable ASTM standards.  Discovery is ongoing and Defendants reserve the right to

supplement this response if additional responsive documents are identified.

39.     Documents concerning, relating to or containing recommendations or

suggestions to prevent or reduce the risk of injury or death caused by an infant sleeping in

the Rock 'n Play.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer

Plaintiffs to Response No. 38.

40.     Documents concerning or relating to the risk of an infant suffocating or

dying which in a Rock 'n Play.

**RESPONSE:**  Subject to and without waiving their objections, Defendants refer

Plaintiffs to Response No. 38.

41.     An organizational flow chart for each defendant.

**RESPONSE:**  Defendants incorporate their objections Request No. 41 herein by

reference.

42.     All documents, discovery, depositions, transcripts, and pleadings associated

with *Liliana Coronado Torres, Individually and as Representative of the Estate of*

*Dayana Coronado-Torres and Joes Rigoberto Arias v. Imperial Manufactory Limited*

*Tsuen Lee Metals & Plastic Toys Co., LTD., Fisher-Price, Inc. and Mattel, Inc.*, United

States District Court for the Southern District of Texas McAllen Division, Civil File

Action Number 7:15-CV-00444.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.

43.     All design documents for the Rock 'n Play, including schematics, drawings and patents.

**RESPONSE:** Subject to and without waiving their objections, Defendants refer Plaintiffs to the Initial Production, which is incorporated herein by reference.  Discovery is ongoing and Defendants reserve the right to supplement this response if additional responsive documents are identified.

Dated:  October 24, 2019              Respectfully submitted,

*/s/ Stephen T. Fowler*
Stephen Fowler (VSB 44071)
**GREENBERG TRAURIG, LLP**
2101 L Street N.W., Suite 1000
Washington, D.C. 20037
Telephone: (202) 530-8587
Facsimile: (202) 261-0462
Email: fowlerst@gtlaw.com

Lori G. Cohen (*pro hac vice pending*)
**GREENBERG TRAURIG, LLP**
The Terminus
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, GA 30305
Tel.: (678) 553-2100
Fax: (678) 553-2212
Email: cohenl@gtlaw.com

Mary-Olga Lovett (*pro hac vice pending*)
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3541
Facsimile: (713) 754-7541
Email: lovettm@gtlaw.com

*Attorneys for Mattel, Inc. and Fisher-Price, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2019, I served by email and First Class mail the foregoing Responses to Plaintiffs' Requests for Production of Documents on the following:

Michael G. Phelan, Esq.
Jonathan M. Petty, Esq.
Brielle M. Hunt, Esq.
PHELAN PETTY, PLC
6641 West Broad Street, Ste 406
Richmond, VA  23230
(Tel) 804-980-7100
(Fax) 804-767-4601
mphelan@phelanpetty.com
jpetty@phelanpetty.com
bhunt@phelanpetty.com

Jan V. Hinson, Esq.
LAW OFFICES OF JAN V. HINSON, P.C.
330 East Coffee Street
Greenville, SC 29601
(tel) 864-527-5933
(Fax) 877-7973571
jan@janhinsonlaw.com

*Attorneys for Plaintiff*

/s/ Stephen T. Fowler
Stephen T. Fowler, Greenberg Traurig, LLP

Page 17 of 17