

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRIGINA
ALEXANDRIA DIVISION

| | |
|---|---|
| EVAN AMBER OVERTON AND JOHN KEENAN OVERTON, CO-ADMINISTRATORS FOR THE ESTATE OF EZRA MICAHEL OVERTON, DECEASED,<br><br>    Plaintiffs,<br><br>v.<br><br>FISHER-PRICE, INC.;<br><br>AND<br><br>MATTEL, INC.<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:19-cv-751 |

## DECLARATION OF MICHAEL G. PHELAN IN SUPPORT OF FOOTNOTE 1 TO PLAINTIFFS' PRETRIAL DISCLOSURES

I, Michael G. Phelan, an attorney who is duly admitted to practice law in the courts of the Commonwealths of Virginia and Massachusetts and the United States District Courts of Virginia and Massachusetts, hereby declare as follows under penalty of perjury:

1. I am the managing member of the Virginia law firm of Phelan Petty, PLC, attorneys for the Plaintiffs in this action.

2. I make this Declaration based on my personal knowledge of events related to Defendants' Discovery Responses and document productions, my communications with counsel for Defendants about the same, Plaintiffs' Motion to Compel (Dkt..23) concerning the same,

Magistrate Judge Buchanan's December 13, 2019 Order (Dkt.. 28) concerning the same, and Defendants' actions following Magistrate Judge Buchanan's Order.

3. Prior to the filing of Plaintiff's Motion to Compel, Defendants produced 13,623 pages of documents in pdf. format, which were Bates-numbered MATTEL- OV-0000001 to 0013623.

4. Plaintiffs' expert disclosures were due on December 6, 2019, seven days before the December 13, 2019 Motion to Compel hearing. In their Motion, Plaintiffs requested that the Court re-set the discovery plan to allow counsel and plaintiffs' experts to have sufficient time to review and digest any information ordered produced at the December 13, 2019 hearing (Dkt. 23). Defendants responded in their Opposition (Dkt. 26) by accusing plaintiffs' counsel of "lack of diligence", "neglect" and "grasping at straws." *See* Defendants' Opposition to Plaintiffs' Motion for an Order Compelling Disclosure or Discovery and to Revise Discovery Plan (Dkt. 26, pp. 4, 17, and 17-20). Consequently, at the hearing, Plaintiffs withdrew their request to extend the discovery cut-off.

5. Defendants objected to each and every discovery request, tried to limit their responses to one model of a product that was essentially the same model-wide, tried to limit their responses to small windows of time and refused to respond fully to discovery regarding, *inter alia,* other incidents involving the product at issue, testing or lack of testing to determine whether the product marketed by defendants as safe for infants for all-night sleep was indeed safe for sleep, and the recall of the product, model-wide. Magistrate Judge Buchanan struck **all** of Defendants' objections and responses to Interrogatories and Request for Production and ordered defendants to submit revised responses and all responsive documents by Friday, December 20, 2019. (Dkt. 28, ¶s 1 and 2). Magistrate Judge Buchanan stated from the bench that she was

confident that, due to the existence of many other pending infant death cases against defendants involving the same product, defendants had already assembled in the usual course of business all of the documents they were being ordered to produce.

6. On December 20, 2019 at 4:29 p.m., plaintiffs' counsel received via email a letter from defense counsel attaching written Supplemental Responses to Interrogatories and Requests for Production of Documents. The letter stated that in response to the Order, defendants would be producing additional pages of documents Bates-numbered OV-0012633 to 26216 (sic). [The actual Bates range went up to OV-0028073 – a total of 15,503 pages]. The letter further stated that "[d]ue to the size, the documents will be sent to you on two (2) encrypted thumb drives."

7. The thumb drives were delivered to me on December 23, 2019. Lead counsel, Jan Hinson, did not receive the thumb drives until after Christmas.

8. Upon review of the thumb drives, I was unable to locate all of the documents purported to be contained thereon. It was not until December 27, 2019, with assistance from defense counsel, that I was able to locate all of the documents.

9. On December 27, 2019, I wrote to defense counsel advising that I was in trial from January 9-10, 2020. I pointed out several perceived deficiencies in their December 20 Responses, and further renewed plaintiffs' ongoing request for dates for the 30(b)(6) deposition of defendants, which had been requested three weeks earlier. I renewed my request for deposition dates on January 2, 2020.

10. On January 3, 2020, defense counsel informed plaintiffs by letter that the thumb drives received on December 23, 2020 contained Bates-numbering errors and that new thumb drives with correct numbering were being sent.

11. On January 5, 2020, lead plaintiff counsel, Jan Hinson, traveled to Virginia in preparation for the January 7-8 depositions of plaintiffs Evan and John Overton. Each deposition lasted over six hours. At the conclusion of these depositions, all counsel agree that it would be impossible to complete the 30(b)(6) and all of the expert depositions by the January 30, 2020 discovery deadline and that we should ask the Court to extend the deadline.

12. Upon returning to the office on January 9, 2020 (while I was in trial), Ms. Hinson discovered that approximately 14,500 pages of the documents produced in response to Judge Buchanan's Order were produced as photo images, preventing Ms. Hinson from being able to open in useable form and to print each document. That day, Ms. Hinson emailed defendants with "MEET AND CONFER; URGENT REQUEST" in the subject line and an explanation of the problem regarding the document production. At 6:12 p.m. Ms. Hinson received an email response stating, 'we are looking into the issues that you have raised…."

13. As stated in Para. 3, the earlier productions of 13623 documents were made in pdf. format.

14. The issues raised in Ms. Hinson's January 9, 2020 email arose because defendants' December 23, 2020 production contained approximately 14,500 pages produced as individual photo images, which could not be opened as one document or printed. These documents were obviously not produced "as they were kept in the usual course of business."

15. When defendants produced these 14,500 documents, they did not inform plaintiffs that the documents were not in a reasonably useable form unless plaintiffs purchased certain e-discovery software. Plaintiffs were first advised of the need to use such software in a meet and confer on January 13, 2020.

16.     On January 13, 2020, defendants agreed to produce OV-13624 to 28073 on thumb drives in pdf format.  The thumb drives were received on January 15, 2020, indicating that defendants could easily have produced them in such format on December 20, 2019.

I have read the above declaration and declare under penalty of perjury that the statements contained therein are true and correct.

_____
Michael G. Phelan

Dated: January 15, 2020
Richmond, Virginia